UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DONALD RAY REYNOLDS-BEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) NO. 3:21-cv-00890 |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Donald Ray Reynolds-Bay, a federal inmate imprisoned in Terre Haute, Indiana, filed a pro se pleading styled as a "Challenge to the Court's 'Assumable Jurisdiction' Over the Proper Status to Show Lack of Personal Jurisdiction" and paid the civil filing fee. (Doc. Nos. 1, 5).

In response to a subsequent Court Order questioning whether Plaintiff intended to seek collateral relief from his federal conviction under 28 U.S.C. § 2255 (Doc. No. 7), Plaintiff filed a Motion to Amend his Complaint as of right under Federal Rule of Civil Procedure 15(a), in order to (1) include the label "World Habeas Corpus" in the caption, and (2) eliminate an exhibit page that showed his 2008 arrest, indictment, and prosecution in the Eastern District of Tennessee. (Doc. No. 8). These changes were made "[so] as to not confuse the court on irrelevant matters." (Id. at 1). Plaintiff then filed what the Court construes as a Motion to Ascertain the Status of this case. (Doc. No. 10).

Plaintiff's Motions (Doc. Nos. 8 and 10) are **GRANTED**. The Clerk shall docket the proposed amendment (Doc. No. 8-1) as Plaintiff's Amended Complaint.

The Amended Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

## II. INITIAL REVIEW

### A. Legal Standard

Upon initial review, the Court must "identify cognizable claims or dismiss" the Amended Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The review for whether the Amended Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v.

Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Allegations and Claims**

Plaintiff has filed a 30-page, typewritten Amended Complaint asserting that he is "a Moorish American National of the Tennessee state territory"[1] who "challenges the Courts (sic) personal jurisdiction over [his] correct proper status[.]" (Doc. No. 8-1 at 2). He sues the United States of America, the State of Tennessee, the United States Supreme Court, and the United States Congress. (Doc. No. 8-1 at 2). Although Plaintiff has clarified that he is not challenging his 2008 federal conviction and sentence, he broadly challenges the validity of *any* exercise of judicial authority over him, based on his status as a Moorish American national who cannot be subjected to the jurisdiction of American courts because of an allegedly unresolved conflict between the Thirteenth and Fourteenth Amendments to the U.S. Constitution.

According to Plaintiff, Moorish America emerged "from the heart of its former ruling sovereignty" when slavery was abolished in 1865 (Doc. No. 8-1 at 19), as "the Congressional Thirteenth Amendment was also a Manumission Treaty with the African descendants of former slaves" that "created a 2nd New Nation of [Moorish American] People." (Id. at 14). However, this treaty was allegedly broken three years later "by the covert and needless Fourteenth Amendment" (id.), which was designed to appear to confer full citizenship on former slaves and their descendants, but was actually a "document[ ] of re-enslavement." (Id. at 10, 14, 25). Plaintiff purports to present a conflict between federal and state laws that falls within the Supreme Court's

---

[1] Copies of the founding documents of the "Moorish American Nation," and of the documents that purportedly establish Plaintiff's registration with the Tennessee Secretary of State as a sovereign commercial entity in which the "Moorish Science Temple of America" has a security interest, are attached as exhibits to the Amended Complaint. (Doc. No. 8-1 at 40–46).

original jurisdiction under 28 U.S.C. § 1251 (see id. at 2),[2] but in fact he appears to assert a conflict between the post-14th Amendment law of the United States and the alleged sovereignty of Moorish America.

The Amended Complaint does not assert any demand for relief against any Defendant. Instead, it demands answers from this Court to three questions. These questions—which concern labels historically applied to persons "of African descent . . . [that allegedly] reinstate[d] such persons as chattel property" when used in state and federal laws after 1865—are offered to support Plaintiff's conclusion that the Court lacks personal jurisdiction over him. (Id. at 31).

**C. Analysis**

The Amended Complaint is not a proper opening pleading that claims entitlement to relief and demands that such relief be awarded over and against an opposing party. See Fed. R. Civ. P. 8(a). Instead, it is a disquisition on the birth and lineage of the so-called "Moorish American Nation," followed by an attempt to certify questions of law for this Court to answer. As such, it is subject to dismissal as frivolous. See Brown-Bey v. Hooks, No. 1:18-CV-15-FDW, 2018 WL 576309, at *1 (W.D.N.C. Jan. 26, 2018) (dismissing complaint as "wholly frivolous" on initial review, because it "does not assert a case or controversy for the Court to adjudicate" but "is simply a tome on why [the plaintiff] believes he is not subject to the laws of the United States or of the individual States by virtue of his membership as an Indigenous Moorish American National"). Courts swiftly and routinely reject the claims of individuals who travel this "well-trodden" path toward opposing the government's exercise of jurisdiction over their person or property. Id. (citing Hampton v. City of Durham, No. 1:10cv706, 2010 WL 3785538, at *2–3 (M.D.N.C. Sept. 22, 2010) (collecting cases)); see also, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)

---

[2] Section 1251 grants to the Supreme Court "original but not exclusive jurisdiction of," e.g., "[a]ll controversies between the United States and a State[.]" 28 U.S.C. § 1251(b)(2).

("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."). Legal arguments that "directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans," U.S. v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017), or that are based on "an ideology derived from a famously discredited notion: the illegitimacy of the Fourteenth Amendment," U.S. v. Mitchell, 405 F. Supp. 2d 602, 606 (D. Md. 2005), should not be entertained in either the habeas or civil rights context, but "should be rejected summarily, however they are presented." Benabe, 654 F.3d at 767.

The Court discerns no factual allegations or legal assertions in the Amended Complaint which could be liberally construed to support a colorable claim to relief. In line with the authorities cited above, this case is frivolous and must be dismissed on that basis.

### III. CONCLUSION

In light of the foregoing, this action is hereby **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE