# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **DONALD RAY REYNOLDS-BEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **NO. 3:21-cv-00890** |
| | ) |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Federal inmate Donald Ray Reynolds-Bey filed this pro se action challenging "the Court's 'Assumable Jurisdiction' Over the Proper Status to Show Lack of Personal Jurisdiction" in December 2021, when he also paid the civil filing fee. He moved to amend his complaint in March 2022. The Court granted the motion to amend, screened the Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A, and entered judgment dismissing this action as frivolous on May 16, 2022. (Doc. Nos. 13, 14).

On June 22, 2022, the Court received Plaintiff's "Motion to Set Aside" the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(4) (Doc. No. 15) ("the Motion"), along with a supporting memorandum (Doc. No. 16). In the Motion, Plaintiff objects to (1) the Court's screening of his Amended Complaint under the Prison Litigation Reform Act, and (2) the Court's failure to determine that it lacked jurisdiction over the matter, that jurisdiction is only proper in the U.S. Supreme Court, and that the proper disposition was therefore to "certify the claims to the Supreme Court" under 28 U.S.C. § 1251(b)(2). (Doc. No. 15 at 3, 4). He claims that this action is not a challenge to his underlying federal conviction or sentence, as "Donald-Ray:

Reynolds-Bey, in propria persona, sui juris has never been indicted nor legally convicted," so "[w]hat may or may not have been done while under the influence of [his former] names of slavery is not relevant to the present issue presented." (Id. at 6–7). Pointing to a conflict between the Thirteenth and Fourteenth Amendments to the U.S. Constitution, Plaintiff claims that, regardless of their prior status, "indigenous Moorish American[s]" such as himself are not full American citizens and cannot be properly subject to American courts' jurisdiction until the U.S. Supreme Court decides "the conflict question between 'Slavery' and 'Freedom.'" (Doc. No. 16 at 3–5). He thus seeks relief from this Court's judgment of dismissal.

## II. RULE 60(B) MOTION

Plaintiff's Motion challenges the Court's judgment based on Rule 60(b)(1) and (b)(4). A motion under Rule 60(b) may seek relief from a judgment or order on grounds enumerated in the rule, but it is not a substitute for appeal of the court's decision. E.g., Rosenberg v. City of Kalamazoo, 3 F. App'x 435, 436 (6th Cir. 2001) ("A Fed. R. Civ. P. 60(b) motion may not be used as a substitute for an appeal[.]").  The rule provides, in pertinent part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1)    mistake, inadvertence, surprise, or excusable neglect;
> >
> > . . . ; [or]
> >
> > (4)    the judgment is void[.]

Fed. R. Civ. P. 60(b).

First, with respect to Plaintiff's argument under Rule 60(b)(4), there is no merit to his contention that the judgment is void because this Court lacked jurisdiction to adjudicate this case. Though he filed the matter here, Plaintiff mistakenly believes that this Court was bound to pass his complaint concerning a "Lack of Personal Jurisdiction" (Doc. No. 1 at 1) directly through to

2

the U.S. Supreme Court under 28 U.S.C. § 1251(b)(2).[1] But whatever Plaintiff may believe or claim about this Court's jurisdiction over his person, there is no doubt that the Court has jurisdiction over the subject matter of this action—which is the jurisdiction with which Section 1251 is concerned. Section 1251(b)(2) provides that "[t]he Supreme Court shall have original *but not exclusive* jurisdiction of . . . [a]ll controversies between the United States and a State." 28 U.S.C. § 1251(b)(2) (emphasis added). Thus, even if this were a controversy between the United States and a State—which it clearly is not—"[t]he district courts share concurrent jurisdiction over such cases with the United States Supreme Court." United States v. State of W. Va., 537 F. Supp. 388, 391 (S.D. W.Va. 1982). The Supreme Court only "sparingly" exercises its original jurisdiction and is "particularly reluctant to take jurisdiction of a suit where the plaintiff has another adequate forum in which to settle his claim." Maryland v. Louisiana, 451 U.S. 725, 744 (1981). In short, Plaintiff's claim is properly settled where he filed it, in district court. He is plainly not entitled to relief under Rule 60(b)(4).

As to Plaintiff's argument under Rule 60(b)(1), the Court in appropriate circumstances may grant relief under that subsection if it has mistakenly applied the law. Fed. R. Civ. P. 60(b)(1); Daniel v. DTE Energy Co., 592 F. App'x 489, 490 (6th Cir. 2015). The Sixth Circuit has construed Rule 60(b)(1) to allow for reconsideration of a mistaken point of law "when relief from judgment is sought within the normal time for taking an appeal." Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir. 1983); Daniel, 592 F. App'x at 490. Federal Rule of Civil Procedure 4(a)(1) allows 30 days to file a notice of appeal in a civil case, and 60 days if one of the parties to the case is the United States. Fed. R. App. P. 4(a)(1)(A), (B). Here, the Court's judgment entered on May 16, 2022, and

---

[1] Of note, Rule 17 of the Rules of the Supreme Court of the United States prescribes the procedure for filing "an action invoking the Court's original jurisdiction under Article III of the Constitution of the United States" in that Court in the first instance. U.S. Sup. Ct. R. 17(1) (citing 28 U.S.C. § 1251 and U.S. Const., Amdt. 11).

Plaintiff's Motion was filed less than 30 days later, on June 13, 2022, when it was delivered to prison authorities for mailing. (See Doc. No. 16 at 8); U.S. v. Smotherman, 838 F.3d 736, 737 (6th Cir. 2016) (applying "prison mailbox rule" established in Houston v. Lack, 487 U.S. 266, 276 (1988)); Williams v. Brewer, No. CV 4:17-11904, 2019 WL 2183129, at *1 & n.1 (E.D. Mich. May 21, 2019) (applying prison mailbox rule to Rule 60(b) motion). Accordingly, there is no question that the Motion under Rule 60(b)(1) is timely and properly before the Court.

Plaintiff argues that the Court's use of the PLRA screening mechanism under 28 U.S.C. § 1915A was a mistaken application of law, because the Amended Complaint invoked the Court's jurisdiction under 28 U.S.C. § 1343(a)(3) and "[t]he Supreme Court must first settle the conflict constitutional question" before any other proceedings may be conducted. (Doc. No. 15 at 3). But as explained above, the Supreme Court is not the court of first resort for Plaintiff's action; indeed, Section 1343(a)(3) grants to the federal "*district courts* . . . original jurisdiction of any civil action authorized by law" to redress the deprivation of federal rights under color of State law. 28 U.S.C. § 1343(a)(3) (emphasis added); Hagans v. Lavine, 415 U.S. 528, 536 (1974) (holding that "Section 1343(3) . . . conferred jurisdiction upon the District Court" to entertain a substantial constitutional claim, allowing "the District Court [to then] hear as a matter of pendent jurisdiction the claim of conflict between federal and state law").[2] Moreover, the PLRA applies without exception to require initial screening of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), as Plaintiff does here. And if Plaintiff is attempting to argue that he is not a prisoner for these purposes

---

[2] Plaintiff charges the Court with "avoid[ing] controlling precedent" by "not certify[ing] the claims to the Supreme Court" as required by Hagans. (Doc. No. 15 at 3–4; Doc. No. 16 at 5–6). But Hagans does not have anything to do with a district court certifying claims to the Supreme Court. Pursuant to 28 U.S.C. § 1254, a U.S. Court of Appeals may certify a question of law to the Supreme Court, which then "may give binding instructions or require the entire record to be sent up for decision[.]" 28 U.S.C. § 1254(2). But Section 1254 has no application in district court.

4

because he was not convicted under the name "Donald-Ray: Reynolds-Bey, in propria persona, sui juris" (Doc. No. 15 at 5–7), the attempt is clearly misguided.

Finally, as determined in the Court's dismissal order (Doc. No. 13 at 4–5), Plaintiff's central contention that he, as a Moorish American, is not properly subject to this or any American court's jurisdiction is wholly frivolous. As another district court put it, that position "is inarguably meritless, as our sister courts in all circuits have unanimously held." Jackson-El v. State & Fed. Plaintiffs in Gen., No. 1:11-CV-278, 2011 WL 1584606, at *1 (W.D. Mich. Apr. 26, 2011) (collecting cases). This Court need provide no further explanation as to why this is so.

### III. CONCLUSION

As explained above, Plaintiff is not entitled to relief from the judgment of dismissal in this case. His Motion under Rule 60(b) (Doc. No. 15) is **DENIED**.

The Court again **CERTIFIES** that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE